UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| MATTHEW THEISEN, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-CV-00084 JAR |
|  | ) |  |
| W. RANCE BUTLER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 8). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**[1]

On June 14, 2011, Plaintiffs were arrested in Stoddard County for alleged felony criminal damage to property and transferred to the custody of the Stoddard County Jail. Plaintiffs allege that while in custody at the Stoddard County jail, they were physically and sexually assaulted by inmates and a jail employee, Larry Gulley ("Gulley").[2] Matthew Thiesen attacked

---

[1] The following facts are taken from Plaintiffs Matthew and Michael Theisen's (collectively "Plaintiffs") complaint (Complaint for Legal Malpractice ("Compl."), Doc. No. 1) and accepted as true for purposes of the instant motion.

[2] Plaintiffs filed suit against Stoddard County, other state and county departments, Stoddard County Commissioner Greg Mathis, and individual employees of the Stoddard County Sheriff's Office, for alleged violations of 42 U.S.C. § 1983 and Missouri state common law arising from their detention and alleged assault at the Stoddard County Jail. See Matthew Theisen, et al., v. Stoddard County, et al., Case No. 1:13-CV-32 CDP. The case went to trial on May 15, 2017 on Plaintiffs' claims against Larry Gulley for cruel and unusual punishment, breach of duty to protect, excessive force, battery, and negligence relating to assault. The jury returned a verdict in favor of Gully and against Plaintiffs on May 18, 2017.

Gulley in an attempt to prevent the alleged assaults. Plaintiffs were subsequently charged with felony assault, felonious restraint, and felony attempted escape in connection with the attack on Gulley.

At their June 16, 2011 arraignment, Plaintiffs requested and were denied representation by a public defender. On June 18, 2011, Defendant W. Rance Butler ("Butler") was retained to represent Plaintiffs. Plaintiffs allege that on June 23, 2011, Butler filed a motion for mental examination in their cases, without consulting them or their family. The same day, the Circuit Court of Stoddard County, upon its own motion, ordered pre-trial psychiatric examinations of Plaintiffs. Almost a year later, on May 10, 2012, the Circuit Court of Stoddard County held a competency hearing in Plaintiffs' cases. Based on the evidence presented, the Court found Plaintiffs lacked the capacity to understand the proceedings against them and were not capable of assisting their attorney in their own defense. By order dated May 21, 2012, the Court suspended criminal proceedings against Plaintiffs and ordered them committed to the custody of the Missouri Department of Mental Health for confinement at the Fulton State Hospital, where they remain today. Following entry of the commitment orders, Plaintiffs terminated their attorney-client relationship with Butler.

On May 19, 2017, Plaintiffs filed this action for legal malpractice against Butler in connection with his representation of them as criminal defendants in the Circuit Court of Stoddard County. Plaintiffs allege that Butler was negligent by seeking a commitment order without discussing it with them and their family; failing to investigate the rape of Matthew Thiesen while in the custody of the Stoddard County Jail; failing to investigate the beatings of Plaintiffs during booking into the Stoddard County Jail; failing to seek any medical treatment for Plaintiffs following the rape and beatings while in the custody of the Stoddard County Jail; and

failing to conduct a proper examination of witnesses at the commitment hearing on May 21, 2012. (Compl. ¶¶ 40 (a)-(e).) Plaintiffs further allege that as a direct and proximate result of Butler's negligent acts or omissions, they have been unjustly held in the custody of the Missouri Department of Mental Health for almost five years. (Compl. ¶ 41.) Butler moves to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555–56; Fed. R. Civ. P. 8(a)(2).

**Discussion**

To state a claim for legal malpractice under Missouri law, Plaintiffs must establish: (1) that an attorney-client relationship existed; (2) that Butler acted negligently or in breach of contract; and (3) that such acts were the proximate cause of their damages. PPW Royalty Tr. by & through Petrie v. Barton, 841 F.3d 746, 753 (8th Cir. 2016) (citing Nail v. Husch Blackwell Sanders, LLP, 436 S.W.3d 556, 561 (Mo. 2014)).

"To establish that an attorney was negligent, a plaintiff must show that he [or she] failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession." Thiel v. Miller, 164 S.W.3d 76, 82 (Mo. Ct. App. 2005). "To prove damages and causation, the plaintiff must prove that, but for the attorney's negligence, the result of the underlying proceeding would have been different." Nail, 436 S.W.3d at 562; Roberts v. Sokol, 330 S.W.3d 576, 580 (Mo. Ct. App. 2011) (citation omitted). Butler argues, *inter alia*, that Plaintiffs have failed to plead a factual basis for their claim that as a direct and proximate result of his negligent acts or omissions, they have been unjustly held in the custody of the Missouri Department of Mental Health.

In their complaint, Plaintiffs allege that despite having two mental evaluations reaching different conclusions as to whether they suffered from a mental illness requiring hospitalization, Butler failed to call the authors of those evaluations as witnesses to allow the court to assess the credibility of each evaluation and determine whether Plaintiffs were in fact incompetent to stand

trial. (Compl. ¶¶ 28, 40(c)) The Court finds these facts, liberally construed in the light most favorable to Plaintiffs, are sufficient to state a claim. It is certainly plausible that the outcome of the competency hearing would have been different had Butler examined the mental health experts regarding their conflicting opinions. Again, the standard at this stage of the proceedings "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

On the other hand, Plaintiffs' allegations that Butler was negligent by (i) seeking a commitment order without discussing it with them (Compl. ¶ 40 (a); (ii) failing to investigate the rape of Matthew Thiesen while in the custody of the Stoddard County Jail (id. ¶ 40 (b); (iii) failing to investigate the beatings of both Plaintiffs during booking into the Stoddard County Jail (id. ¶ 40 (c); and (iv) failing to seek any medical treatment for them following the rape and beatings (id. ¶ 40 (d), have no relation or logical connection to their malpractice claim. The Court will, therefore, on its own motion, strike these allegations from the complaint. Fed. R. Civ. P. 12(f); 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (A motion to strike should be granted where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [8] is **DENIED.** Plaintiffs' complaint shall proceed on their allegation that Defendant Butler was negligent by failing to conduct a proper examination of witnesses at Plaintiffs' commitment hearing.

**IT IS FURTHER ORDERED** that all other allegations of Defendant Butler's negligence are stricken.

A Rule 16 Scheduling Conference will be set by separate order.

Dated this 20th day of February, 2018.

                                                                        **JOHN A. ROSS**
                                                                        **UNITED STATES DISTRICT JUDGE**