**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW THEISEN and | ) | |
| MICHAEL THEISEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-84 JAR |
| | ) | |
| W. RANCE BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This legal malpractice action is before the Court on Defendant W. Rance Butler's Motion

for Summary Judgment. (Doc. No. 34). The motion is unopposed.[1] For the following reasons the

motion will be granted.

**Background**

On June 14, 2011, Plaintiffs Matthew and Michael Theisen were arrested in Stoddard

County for alleged felony criminal damage to property and transferred to the custody of the

Stoddard County Jail. Plaintiffs alleged that while in custody at the Stoddard County jail, they

were physically and sexually assaulted by inmates and a jail employee, Larry Gulley

---

[1] Plaintiffs sought and were granted two extensions of time to file their response to Defendant's motion
for summary judgment. (Doc. Nos. 37, 39). On January 28, 2019, Defendant moved for an extension of
time to complete mediation pending a ruling on his motion for summary judgment and an order
prohibiting further extensions of time to respond to his motion for summary judgment. (Doc. No. 42). On
February 1, 2019, the Court excused the parties from the requirement to mediate subject to further order
of the Court and ordered that no further extensions of time to respond to Defendant's motion for summary
judgment would be granted. (Doc. No. 43). On March 4, 2019, having still not received a response to
Defendant's motion, the Court ordered Plaintiffs to show cause in writing by March 14, 2019 why the
Court should not rule on Defendant's unopposed motion. (Doc. No. 44). Plaintiffs failed to show cause.

("Gulley").[2] Matthew Thiesen attacked Gulley in an attempt to prevent the alleged assaults. Plaintiffs were subsequently charged with felony assault, felonious restraint, and felony attempted escape in connection with the attack on Gulley.

At their June 16, 2011 arraignment, Plaintiffs requested and were denied representation by a public defender. On June 18, 2011, Defendant W. Rance Butler ("Butler") was retained to represent Plaintiffs. Plaintiffs allege that on June 23, 2011, Butler filed a motion for mental examination in their cases, without consulting them or their family. The same day, the Circuit Court of Stoddard County sua sponte ordered pre-trial psychiatric examinations of Plaintiffs. Almost a year later, on May 10, 2012, the Circuit Court of Stoddard County held a competency hearing in Plaintiffs' cases. Based on the evidence presented, the Court found Plaintiffs lacked the capacity to understand the proceedings against them and were not capable of assisting their attorney in their own defense. By order dated May 21, 2012, the Court suspended criminal proceedings against Plaintiffs and ordered them committed to the custody of the Missouri Department of Mental Health ("DMH") for confinement at the Fulton State Hospital, where they remain today. Following entry of the commitment orders, Plaintiffs terminated their attorney-client relationship with Butler.

On May 19, 2017, Plaintiffs filed this action for legal malpractice against Butler in connection with his representation of them as criminal defendants in the Circuit Court of Stoddard County. Plaintiffs alleged that Butler was negligent by seeking a commitment order

---

[2] Plaintiffs filed suit against Stoddard County, other state and county departments, Stoddard County Commissioner Greg Mathis, and individual employees of the Stoddard County Sheriff's Office, for alleged violations of 42 U.S.C. § 1983 and Missouri state common law arising from their detention and alleged assault at the Stoddard County Jail. See Matthew Theisen, et al., v. Stoddard County, et al., Case No. 1:13-CV-32 CDP (E.D. Mo.). The case went to trial on May 15, 2017 on Plaintiffs' claims against Larry Gulley for cruel and unusual punishment, breach of duty to protect, excessive force, battery, and negligence relating to assault. The jury returned a verdict in favor of Gully and against Plaintiffs on May 18, 2017.

without discussing it with them and their family; failing to investigate the rape of Matthew Thiesen while in the custody of the Stoddard County Jail; failing to investigate the beatings of Plaintiffs during booking into the Stoddard County Jail; failing to seek any medical treatment for Plaintiffs following the rape and beatings while in the custody of the Stoddard County Jail; and failing to conduct a proper examination of witnesses at the commitment hearing on May 21, 2012. Plaintiffs further alleged that as a direct and proximate result of Butler's negligent acts or omissions, they have been unjustly held in the custody of the Missouri Department of Mental Health for almost five years. On February 20, 2018, the Court struck from Plaintiffs' complaint allegations bearing no logical connection to their malpractice claim and allowed them to proceed on facts related to Butler's failure to call mental health experts for live testimony. (Doc. No. 19 at 4-5)

On December 26, 2018, Butler moved for summary judgment on the grounds that Plaintiffs have failed to present sufficient facts or evidence to establish a cause of action and because there is no genuine issue as to any material facts. Plaintiffs failed to respond.

**Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Plaintiffs' failure to respond properly to the motion for summary judgment does not mean summary judgment should be automatically granted in favor of Butler. Even if the facts as alleged by Butler are not in dispute, those facts still must establish he is entitled to judgment as a matter of law. Country Club Estates, LLC v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000); see also Vandergrift v. Emerson, No. 09-5058-CV-SW-ODS, 2012 WL 15021, at *1 (W.D. Mo. Jan. 4, 2012).

In determining whether summary judgment is appropriate in a particular case, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Benford v. Correctional Medical Services, No. 1:11-CV-121 JAR, 2012 WL 3871948, at 4* (E.D. Mo. Sept. 6, 2012) (citing Celotex Corp., 477 U.S. at 331). The Court's function is not to weigh the evidence but to determine whether there is genuine issue for trial. Id. (citing Anderson, 477 U.S. at 249). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)).

**Facts[3]**

---

[3] The facts are taken from Butler's Statement of Uncontroverted Material Facts ("SOF") (Doc. No. 36). The Court recognizes that some of the statements purport to state a legal conclusion as fact. As such, the statements do not meet Rule 56's standards and cannot be considered for purposes of summary judgment. See Custom Hardware Engineering & Consulting, Inc. v. Dowell, 919 F. Supp.2d 1018, 1027 (E.D. Mo. 2013). However, the majority of Butler's statements are admissible and the Court adopts them. Further, Plaintiffs have not disputed Butler's statement of facts as they failed to respond to the motion for summary judgment. As a result of Plaintiffs' failure to submit any response, they have not met the requirements of Local Rule 4.01(E), and are deemed to have admitted all facts in Butler's statement of facts. Turner v. Shinseki, No. 4:08-CV-1919 CAS, 2010 WL 2555114, at 2* (E.D. Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), aff'd, 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877).

On May 21, 2012, Stoddard County Circuit Court sua sponte ordered competency hearings of Plaintiffs and found both men mentally unfit to stand trial in multiple criminal cases pending against them. The court committed Plaintiffs to the custody of DMH. Butler's representation of Plaintiffs ended on July 5, 2012. (SOF at ¶¶ 6, 7).

The Circuit Court of Stoddard County entered orders continuing Plaintiffs' commitment to DMH on December 27, 2012, July 26, 2013, January 15, 2014, June 30, 2014, January 5, 2015, June 12, 2015, January 27, 2016, and February 2, 2017. (SOF at ¶¶ 8, 9).

Plaintiffs have not identified or produced reports prepared by or depositions of any attorney who will testify that Butler failed to meet the standard of care in his representation of Plaintiffs in the competency hearings. In addition, Plaintiffs have not identified or produced any expert testimony that the outcome of those hearings would have been different had Butler offered live testimony by the mental health examiners to address Plaintiffs' competency. (SOF at ¶ 3).

**Discussion**

A legal malpractice action is founded on an attorney's duty to exercise due care or to honor express contractual commitments. Klemme v. Best, 941 S.W.2d 493, 495 (Mo. 1997). To prevail on a claim for legal malpractice under Missouri law, Plaintiffs must prove: (1) that an attorney-client relationship existed; (2) that Butler acted negligently or in breach of contract; and (3) that such acts were the proximate cause of their damages. PPW Royalty Tr. by & through Petrie v. Barton, 841 F.3d 746, 753 (8th Cir. 2016) (citing Nail v. Husch Blackwell Sanders, LLP, 436 S.W.3d 556, 561 (Mo. 2014)).

"To establish that an attorney was negligent, a plaintiff must show that he failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession." Rosemann v. Sigillito, 785 F.3d 1175, 1180

(8th Cir. 2015); CentiMark Corp. v. Christofferson, No. 4:11-CV-720 CAS, 2013 WL 328562, at *9 (E.D. Mo. Jan. 29, 2013) (quoting Thiel v. Miller, 164 S.W.3d 76, 82 (Mo. Ct. App. 2005)). See also Duncan v. Dempsey, 547 S.W.3d 815, 820 (Mo. Ct. App. 2018). A lawyer's negligence is a question of fact, not a question of law. CentiMark Corp., 2013 WL 328562, at *9 (citing Zweifel v. Zenge & Smith, 778 S.W.2d 372, 373 (Mo. Ct. App. 1989)). Except in "clear and palpable causes" (such as the expiration of a statute of limitation), expert testimony is required to establish an attorney's negligence, and that "but for" that negligence, the result of the underlying proceeding would have been different. Viehweg v. Mello, 5 F. Supp. 2d 752, 761 (E.D. Mo. 1998); Meyer v. Purcell, 405 S.W.3d 572, 578 (Mo. Ct. App. 2013) (citing Steward v. Goetz, 945 S.W.2d 520, 532 (Mo. Ct. App. 1997)). Butler argues that summary judgment is appropriate in this case because Plaintiffs have failed to produce an expert opinion on negligence or causation. (Doc. No. 35 at 4-8).

In support of his motion, Butler submits the affidavit and report of his retained legal expert, attorney Larry H. Ferrell. (Doc. No. 35-1). Butler retained Mr. Ferrell to opine on whether Butler failed to exercise that degree of skill and diligence ordinarily used under similar circumstances by members of the legal profession when he agreed to allow the submission of the reports of Drs. Armour, Braham and Scott into evidence at his clients' mental competency hearing, instead of requiring these experts to testify in person. (Ferrell Aff. at ¶ 2). Mr. Ferrell concludes that Butler's actions did not fall below such standard, and that under the circumstances, was a "sound exercise of professional trial strategy." In reaching his opinion, Mr. Ferrell reviewed the pleadings and exhibits in this case; all documents in Butler's Rule 26 disclosure; Plaintiffs' depositions and accompanying exhibits; and the depositions of Plaintiffs' parents and accompanying exhibits. In his report, Mr. Ferrell notes it is customary for the

defense to stipulate to the reports of public court ordered mental health experts rather than insist they be called as witnesses, since their in-court presentations are normally more persuasive than their written reports alone. (Ferrell Report, Doc. No. 35-1 at 3-4). Further, agreeing to the admission of the opposing expert's report keeps that expert from providing additional damaging information or expressing opinions as to the quality or soundness of the defense expert's subsequent examination. (Id. at 4). Mr. Ferrell also states he sees no facts that could be gained from cross-examination of the state's experts that would have substantially impacted the outcome of the competency hearing. (Id.).

Butler also submits an affidavit from Judge Joe Z. Satterfield, the judge who presided over Plaintiffs' mental competency hearings on May 10, 2012. (Doc. No. 35-2). Judge Satterfield states that he sua sponte ordered mental competency examinations for Plaintiffs after becoming aware of facts that raised "grave concerns" about their mental fitness to proceed. (Satterfield Aff. at ¶ 3). He further states that prior to rendering his decision on Plaintiffs' mental competency, he reviewed the reports of their competency examiners and admitted them into evidence. He also reviewed the probable cause statement for the offenses charged and observed Plaintiffs' demeanor during previous court appearances. (Id. at ¶ 4). Lastly, Judge Satterfield states he does not believe that seeing the mental health professionals testify live at the competency hearing, including any cross-examination of those professionals, would have changed his decision. (Id. at ¶ 6).

Butler notes that over the course of five years, Judge Satterfield and Judge John C. Spielman have continued Plaintiffs' commitment eight times. Butler contends these court orders are intervening causes for which he is not responsible. (Doc. No. 35 at 8-9). In any event, Plaintiffs have not submitted any evidence that supports specific facts showing a genuine issue

for trial on the elements of negligence and causation. Without expert witness testimony, Plaintiffs cannot establish the applicable standard of care or show that the result of the competency hearing would have been different had Butler called the mental health examiners for live testimony.[4] See Duncan v. Dempsey, 547 S.W.3d 815, 821 (Mo. Ct. App. 2018) (holding that the plaintiff's "failure to produce an affidavit or other evidence from an expert witness to support [negligence and causation] [is] grounds for granting summary judgment"). The Court therefore finds that Butler is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant W. Rance Butler's Motion for Summary Judgment [34] is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 17th day of April, 2019.



_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[4] Despite the parties' informal agreements granting Plaintiffs an extension through August, 2018 to designate their expert witnesses (see Doc. No. 26), Plaintiffs failed to do so.